Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **ORIENTAL BANK**<br><br>Parte apelada<br><br>v.<br><br>T.W. DEVELOPERS, INC. Y OTROS<br><br>**Municipio Autónomo de Salinas**<br><br>Parte apelante | **TA2026AP00435** | *APELACIÓN*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de **Guayama**<br><br>Caso Núm.:<br>**GM2023CV00562**<br><br>Sobre:<br><br>**ACCIÓN DE REANUDACIÓN DE TRACTO SUCESIVO** |

Panel integrado por su presidente el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de junio de 2026.

Comparece ante nos, el Municipio Autónomo de Salinas, en adelante, Municipio o apelante, y nos solicita que revisemos la *Sentencia* emitida y notificada el 6 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Guayama, en adelante, TPI-Guayama. Mediante el referido dictamen, el Foro Apelado declaró *Ha Lugar* una solicitud de desistimiento voluntario presentada por Oriental Bank, en adelante, Oriental o apelado.

Por los fundamentos que expondremos a continuación, ***confirmamos*** el dictamen apelado.

**I.**

Los hechos del recurso que nos ocupa se remontan al 13 de septiembre de 2022, cuando Oscar Wilfredo Bermúdez Vera, Lizette Janil Ramírez Olivari y la Sociedad de Bienes Gananciales compuesta por ambos, presentaron una *Demanda* sobre Incumplimiento de Contrato y Daños y Perjuicios contra, entre otros, Oriental y T.W. Developers, Inc., en adelante, TW Developers, a la cual se le asignó el número de caso civil

GM2022CV00650, en adelante, Caso GM2022CV00650.[1] Su causa de acción de fundamentó, primordialmente, en la ausencia de una inscripción registral de su titularidad sobre el solar identificado como A-9 de la Urbanización Corales del Mar, en adelante Urbanización, ubicada en el Municipio de Salinas, debido a múltiples deficiencias que le fueron notificadas por el Registro de la Propiedad, Sección de Guayama.[2]

Posteriormente, el 12 de julio de 2023, Oriental Bank incoó la acción que originó el caso de marras, en adelante, Caso GM2023CV00562, mediante la presentación de una *Demanda* sobre Reanudación de Tracto e Inscripción de Usos Públicos contra, entre otros, el Municipio y T.W. Developers.[3] A través de ella, solicitó la intervención del Foro Primario a los fines de lograr la inscripción registral de dos (2) solares que radicaban en la Urbanización,[4] con lo cual lograría la inscripción de los derechos reales de hipoteca que poseía sobre estos.

Sin embargo, informó que las inscripciones solicitadas dependían, a su vez, de la segregación e inscripción previa de ciertas franjas de terreno que debían destinarse al uso público, a saber: una faja de ensanche de la carretera que discurría frente a la Urbanización, y una calle interna del referido complejo residencial, en adelante, Calle 1.

---

[1] Caso GM202200650, SUMAC TPI, entrada núm. 1.

[2] Los defectos notificados fueron que: "(i) no se encuentra archivada la resolución de ARPE, aprobada de los solares A-14 al A-31 y Segunda Sección de la Calle 1; (ii) no se han segregado y cedido a favor del Municipio de Salinas las calles de la Urbanización; (iii) no se ha segregado ni cedido un uso público y facilidades vecinales; (iv) se requiere la presentación de la escritura de cancelación de la hipoteca que grava la finca principal de tracto de los planos de la segregación aprobado por ARPE de la finca donde se segrega y que no estaban presentados y que al día en que se hace esta reclamación no se ha podido subsanar". Véase, Caso GM202200650, SUMAC TPI, entrada núm. 1, pág. 4.

[3] SUMAC TPI, entrada núm. 1. En este caso, TW Developers fue incluida por ser la titular registral de la finca matriz en la cual se desarrolló la urbanización en la cual radican los solares cuya inscripción solicitó el apelado. Por su parte, el Municipio se incluyó por ser la entidad gubernamental a quien correspondía cederle, conforme al plano de inscripción de la urbanización aludida, una parcela identificada como Calle 1.

[4] Los solares identificados como A-9 y A-29.

A estos fines, instó cuatro (4) causas de acción mediante las cuales solicitó que el Foro Primario ordenara: (1) la segregación de los Solares A-14 al A-31 de la Urbanización; (2) la segregación y la cesión o dedicación a uso público de la Calle 1 a favor del Municipio; (3) la segregación y la cesión o dedicación a uso público de una faja de ensanche a favor del Municipio o del Departamento de Transportación y Obras Públicas, en adelante DTOP, y ; (4) el otorgamiento de los instrumentos públicos correspondientes por parte de TW Developers o, en su defecto, el Alguacil del Tribunal.

El 14 de septiembre de 2023, el Municipio contestó la demanda.[5] En la misma, incluyó una moción mediante la cual se allanó a la solicitud de Oriental respecto a la escritura de cesión de la Calle 1 a su favor. Por su parte, a TW Developers le fue anotada la rebeldía mediante una orden notificada el 28 de noviembre de 2023.[6]

Así las cosas, el 27 de noviembre de 2023, el Foro Primario notificó una *Orden* mediante la cual consolidó el Caso GM2023CV00562 al Caso GM2022CV00650, en el cual continuarían los procedimientos por ser este último el de mayor antigüedad.[7]

Tras múltiples incidentes procesales, el 19 de marzo de 2024, Oriental presentó una *Moción Solicitando Sentencia Parcial en Rebeldía a tenor con la Regla 45.2 de las de Procedimiento Civil.*[8] En síntesis, solicitó que el Foro Primario le ordenara a TW Developers a realizar los actos necesarios para obtener los remedios solicitados mediante las causas de acción consignadas en su demanda.

---

[5] Caso GM2023CV00562, SUMAC TPI, entrada núm. 21.
[6] *Íd.*, entrada núm. 33.
[7] Caso GM2022GM00650, SUMAC TPI, entrada núm. 59. Véase, además, Caso GM2023CV00562, SUMAC TPI, entrada núm. 32.
[8] Caso GM2022GM00650, SUMAC TPI, entrada núm. 73.

En consecuencia, el 5 de abril de 2024, notificada el 9 de abril de 2024, el Foro Primario emitió una *Sentencia Parcial.*[9] En lo pertinente, dispuso que, con el fin de lograr la inscripción de los solares de la Urbanización en el Registro de la Propiedad, procedía *ordenar a TW Developers a segregar y ceder la Calle 1 y la faja de ensanche* mediante el otorgamiento de las respectivas escrituras de segregación y cesión a favor del Municipio y del DTOP; ello, con la *coordinación* de Oriental. Cónsono con lo anterior, declaró *Ha Lugar* la demanda presentada por Oriental en el caso de marras, por lo cual emitió las siguientes órdenes:

(i) Se Ordena al (a la) Registrador(a) de la Propiedad, Sección de Guayama, a inscribir los solares A-14 al A-31 y la Calle 1 (2da Sección) de la Urbanización, como fincas separadas e independientes de la Finca Matriz con cargo a la cabida de ésta, según ilustrados en el Plano de Inscripción Certificado Archivado y según descritas en las correspondientes escrituras de segregación y compraventa mediante la presentación de esta Sentencia en sustitución de las correspondientes resoluciones de aprobación de ARPe;

(ii) *Se Ordena a TW Developers* a segregar y ceder la parcela de terreno marcada como Calle 1 (Primera y Segunda Sección) de la Urbanización, según descrita en esta Sentencia, a favor del Municipio Autónomo de Salinas, asignándole un valor nominal de $1.00 a dicho uso público;

(iii) *Se Ordena a TW Developers* a segregar y ceder la faja de ensanche de la Urbanización, según descrita en esta Sentencia, a favor del Departamento de Transportación y Obras Públicas asignándole un valor nominal de $1.00 a dicho uso público;

(iv) *Se ordena a TW Developers*, o en su defecto y en vista de su indisponibilidad, al Alguacil del Tribunal a comparecer en nombre de ésta a otorgar las escrituras correspondientes de segregación y cesión, así como cualquier documento o instrumento público necesario para lograr la inscripción de todos los solares y usos públicos de la Urbanización.

(Énfasis nuestro).

---

[9] Caso GM2022GM00650, SUMAC TPI, entrada núm. 76.

El 7 de julio de 2024, Oriental solicitó la ejecución de la *Sentencia Parcial*, junto a una orden y mandamiento dirigida al Registro de la Propiedad, Sección de Guayama y a TW Developers para concretar el otorgamiento y el registro de las escrituras para segregar y ceder los usos públicos a través del Alguacil del Tribunal.[10]

Mientras tanto, se celebraron varias vistas sobre el estado de los procedimientos los días 17 de septiembre de 2024, 15 de enero de 2025, 7 de marzo de 2025, 30 de mayo de 2025, 22 de septiembre de 2025 y 8 de diciembre de 2025.[11] Durante estas, el apelado informó los esfuerzos realizados para la coordinación de las escrituras públicas previamente mencionadas.

Así las cosas, Oriental presentó una *Moción Informativa y Solicitud de Desistimiento Voluntario con Perjuicio*.[12] En esta, informó que el 2 de octubre se otorgó la escritura de segregación y cesión relacionada a la faja de ensanche. Igualmente, expresó que, tras coordinar su otorgamiento,[13] el 17 de diciembre de 2025 se otorgó la escritura de segregación y dedicación a uso público de la Calle 1, la cual presentó al Registro de la Propiedad, Sección de Guayama. En virtud de ello, indicó que la faja de ensanche y la Calle 1 quedaron debidamente inscritas en el referido Registro.[14]

Debido a la consecución de las inscripciones aludidas, el apelado informó que logró presentar e inscribir las escrituras de segregación y compraventa de los solares A-9 y A-29 de la

---

[10] Caso GM2022GM00650, SUMAC TPI, entrada núm. 85.

[11] *Íd.*, entradas núm. 93-97, 99.

[12] *Íd.*, entrada núm. 101.

[13] Al amparo del Artículo 150 de la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, Ley Núm. 210 de 8 de diciembre de 2015, 30 LPRA sec. 6224, en adelante, Ley Núm. 201-2015.

[14] El apelado consignó que la faja de ensanche fue presentada bajo el asiento 2025-123937-GA01, y quedó inscrita como la finca núm. 14712, mientras que la Calle 1 fue presentada bajo el asiento 2025-148951-GA01, y quedó inscrita como la finca núm. 14781.

Urbanización.[15] En virtud de todo lo informado, adujo que las reclamaciones de su demanda se tornaron académicas, por lo cual *solicitó una orden* para que se decretara el *desistimiento voluntario con perjuicio* de la misma.

Dadas las circunstancias, el Foro Primario desconsolidó los casos GM2022CV00650 y GM2023CV00562 mediante una *Resolución Interlocutoria* notificada el 6 de marzo de 2026.[16]

Consecuentemente, en la misma fecha, el TPI-Guayama emitió la *Sentencia* objeto de revisión en el Caso GM2023CV00562.[17] A través del referido dictamen, el Foro Apelado decretó el *archivo con perjuicio* de la acción civil presentada por Oriental, sin especial imposición de costas, gastos y honorarios de abogados.

En desacuerdo, el 10 de marzo de 2026, el Municipio presentó una moción de reconsideración,[18] la cual fue denegada mediante una *Resolución Interlocutoria* notificada el 30 de marzo de 2026;[19] ello, luego de recibir el escrito en oposición presentado el 23 de marzo de 2026 por Oriental.[20]

Inconforme con el proceder del Foro Primario, el 29 de abril de 2026, el apelante compareció ante nos mediante un recurso de apelación, y formuló los siguientes señalamientos de error:

> **Primer Señalamiento de Error:** Erró el Tribunal de Primera Instancia al decretar el desistimiento voluntario con perjuicio y el archivo del caso sin expresarse previamente sobre el efecto jurídico de la Sentencia Parcial de 5 de abril de 2024, final y ejecutable, y sin determinar el estado de cumplimiento de los remedios allí adjudicados, todo ello en contravención al trámite procesal realmente seguido en autos.

---

[15] Según la información suministrada por el apelado, los solares A-9 y A-29 quedaron inscritas como fincas separadas e independientes de la finca matriz en la cual se desarrolló la urbanización donde radican, y se les asignaron los números de finca 14785 y 14786, respectivamente.

[16] Caso GM2022CV00650, SUMAC TPI, entrada núm. 102.

[17] Caso GM2023CV00562, SUMAC TPI, entrada núm. 39.

[18] *Íd.*, entrada núm. 41.

[19] *Íd.*, entrada núm. 44.

[20] *Íd.*, entrada núm. 43.

**Segundo Señalamiento de Error:** Erró el Tribunal de Primera Instancia al archivar el caso sin atender adecuadamente el efecto jurídico de la Sentencia Parcial de 5 de abril de 2024, archivada en autos el 9 de abril de 2024, la cual, a solicitud de Oriental Bank, ordenó a T.W. Developers, Inc., o en su defecto al Alguacil del Tribunal, la segregación y cesión de predios de uso público, incluyendo la parcela de facilidades vecinales a favor del Municipio Autónomo de Salinas, y dispuso expresamente que dicho dictamen sería final para todos los fines en cuanto a la controversia allí adjudicada.

**Tercer Señalamiento de Error:** Erró el Tribunal de Primera Instancia al dar por terminada la controversia y archivar el caso sin adjudicar expresamente si se había cumplido el remedio específico de segregación y cesión a favor del Municipio Autónomo de Salinas ordenado en la Sentencia Parcial peticionada por Oriental Bank, confundiendo la mera ruta registral promovida por éste con el cumplimiento íntegro del mandato judicial.

**Cuarto Señalamiento de Error:** Erró el Tribunal de Primera Instancia al no considerar que las minutas del caso demuestran que Oriental Bank conocía el contenido y alcance del remedio que había solicitado y que asumió en la práctica la gestión de su cumplimiento, razón por la cual el Municipio Autónomo de Salinas no tenía por qué oponerse a que formalmente la orden recayera sobre T.W. Developers, Inc., cuando el propio curso procesal reflejaba que Oriental dirigía y canalizaba su ejecución.

**Quinto Señalamiento de Error:** Erró el Tribunal de Primera Instancia al no considerar que el propio expediente demuestra que Oriental Bank asumió materialmente la ejecución de la Sentencia Parcial, como lo evidencia el hecho de que la parcela destinada al Estado Libre Asociado de Puerto Rico para el ensanche de la carretera estatal fue finalmente segregada y cedida mediante el mecanismo de ejecución judicial activado a partir de la Sentencia Parcial que Oriental había solicitado.

**Sexto Señalamiento de Error:** Erró el Tribunal de Primera Instancia al permitir que Oriental Bank se beneficiara de una ejecución selectiva y acomodaticia de la Sentencia Parcial que éste mismo había peticionado, promoviendo las gestiones útiles a su interés registral e hipotecario, mientras daba por satisfecha la controversia sin demostrar

con igual claridad el perfeccionamiento de la cesión ordenada a favor del Municipio Autónomo de Salinas.

**Séptimo Señalamiento de Error:** Erró el Tribunal de Primera Instancia al no considerar la inconsistencia de la postura de Oriental Bank, quien durante el litigio alegó la imposibilidad de obtener determinada documentación administrativa, pero posteriormente descansó en el plano de inscripción aprobado por ARPe y en su aprobación administrativa para promover escrituras e inscripciones posteriores que luego invocó como fundamento para procurar el archivo del caso.

**Octavo Señalamiento de Error:** Erró el Tribunal de Primera Instancia al permitir que Oriental Bank invocara la flexibilidad registral de la Ley 210-2015 para sostener inscripciones sin la cesión al Municipio, a pesar de que la aprobación administrativa original del proyecto, emitida en 2001, integró expresamente la segregación y dedicación a uso público a favor del Municipio Autónomo de Salinas, y de que esa obligación fue posteriormente recogida y reiterada en la Sentencia Parcial emitida a solicitud de Oriental Bank.

**Noveno Señalamiento de Error:** Erró el Tribunal de Primera Instancia al dejar sin atender el perjuicio concreto causado al Municipio Autónomo de Salinas al cerrar el caso sin una determinación expresa sobre la correspondencia entre el tracto registral promovido por Oriental Bank, la cesión municipal ordenada por el Tribunal y la responsabilidad pública sobre los predios destinados a uso público.

El 20 de mayo de 2026, Oriental compareció mediante su *Alegato de la Parte Apelada.*

Con la comparecencia de ambas partes, precedemos a expresarnos.

## II.

### A. Apelación Civil

Las Reglas de Procedimiento Civil de Puerto Rico se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio, entiéndase las alegaciones, mociones, descubrimiento de prueba,

vista evidenciaria, sentencia, reconsideración, apelación, y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea*, 145 DPR 236, 238 (1998).

La etapa de la apelación se perfecciona con la presentación oportuna de un escrito conforme a las formalidades establecidas en nuestro estado de derecho, que incluye su debida notificación a las partes. El recurso de apelación es aquel que se presenta ante un foro de mayor jerarquía cuando se solicita la revisión de una sentencia, o un dictamen final, emitido por el Foro de Primera Instancia. Regla 52.1 y 52.2 de Procedimiento Civil, 32 LPRA Ap. V; *Mojica Rodríguez v. ESSROC*, 2026 TSPR 47, 218 DPR ___ (2026) *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *González Pagán v. SLG Moret-Brunet*, 202 DPR 1062, 1070- 1071 (2019). Véase, además, R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta Ed., San Juan, Ed. Lexis Nexis, 2017, pág. 519.

La apelación no es un recurso discrecional como en los casos de *certiorari*. Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles*, 142 DPR 241, 252 (1997). En ese sentido, se reconoce que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones, cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Mojica Rodríguez v. ESSROC*, supra; *Silva Barreto v. Tejada Martell*, 199 DPR 311, 317 (2017). Regla 13(A) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 22, 216 DPR ___ (2025); Art. 4.006(a) Ley de la Judicatura del Estado Libre

Asociado de Puerto Rico de 2003, Ley Núm. 201- 2003, 4 LPRA sec. 24y.

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia con nuestras propias apreciaciones. *W.M.M. P.F.M., et al. v. Colegio et al.*, 211 DPR 871, 902-903 (2023); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770-771 (2013); *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007). De manera que, si la actuación del tribunal no está desprovista de base razonable, ni perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de instancia a quien corresponde la dirección del proceso. *Bathia Gautier v. Gobernador*, 199 DPR 59, 182 (2017); *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

### B. Desistimiento

El *desistimiento* se refiere a una declaración de voluntad que realiza una parte mediante la cual anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que se encuentra pendiente. *Pagán Rodríguez v. Pres. Cáms. Legs.,* 206 DPR 277, 285 (2021), citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1138. Esta práctica se realiza cuando, una parte en el pleito expresa su deseo de no continuar con la reclamación que interpuso. *Pagán Rodríguez v. Pres. Cáms. Legs.,* supra. De igual forma, se ha expresado que "[e]l desistimiento encarna uno de los principios básicos del proceso civil, el principio dispositivo según el cual el demandante tiene derecho a disponer de su acción". *Pagán Rodríguez v. Pres. Cáms. Legs., supra,* págs. 285-286, citando a R.

Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 414.

La Regla 39.1 de Procedimiento Civil permite a la parte demandante desistir de toda o parte de su reclamación. El desistimiento se contempla bajo dos vertientes, a saber, el realizado por la parte reclamante y la decretada por orden del tribunal. *Pramco CV6, LLC. v. Delgado Cruz y Otros*, 184 DPR 453, 458 (2012). A tales efectos, la precitada Regla procesal establece los siguientes mecanismos:

(a) *Por el demandante; por estipulación.* Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:

(1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o

(2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.

A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.

(b) *Por orden del tribunal.* A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá al demandante desistir de ningún pleito, *excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes.* A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

32 LPRA Ap. V, R. 39.1. (Énfasis nuestro).

El inciso (a) de la mencionada Regla, codifica el desistimiento voluntario cuando la parte demandada aún no ha presentado una alegación responsiva. Además, dispone que el desistimiento pudiera darse por una estipulación firmada por todos los que hayan comparecido al pleito. Así pues, en virtud de ese inciso es suficiente la mera presentación del aviso de desistimiento ante el tribunal. *Pagán Rodríguez v. Pres. Cáms. Legs.,* supra*, pág. 287; Pramco CV6, LLC. v. Delgado Cruz y Otros*, supra, pág. 459. Bajo cualquiera de estas circunstancias, el derecho del demandante a renunciar a su reclamo es absoluto y nada le impide que pueda demandar nuevamente. *Pramco CV6, LLC v. Delgado Cruz y Otros, supra,* pág.459. Es decir, el tribunal no interviene para evaluar las razones por las cual se desiste de una reclamación, lo cual hace innecesaria su autorización. *Pagán Rodríguez v. Pres. Cáms. Legs.,* supra, pág. 287.

Por su parte, el inciso (b) de la Regla 39.1 de Procedimiento Civil, *supra*, aplica, "cuando la parte adversa ha contestado la demanda o ha solicitado que se dicte sentencia sumaria, o cuando no se ha conseguido una estipulación de desistimiento suscrita por todas las partes que han comparecido al pleito." *Pagán Rodríguez v. Pres. Cáms. Legs.,* supra; *Pramco CV6, LLC. v. Delgado Cruz y Otros*, supra, pág. 460.

En tales casos, será necesario que la parte demandante *presente una moción al tribunal*, la cual deberá notificar a todas las partes que han comparecido ante el foro para así renunciar a continuar con su reclamo. *Pagán Rodríguez v. Pres. Cáms. Legs.,* supra, pág. 287; *Pramco CV6, LLC. v. Delgado Cruz y Otros*, supra, págs. 460-461. (Énfasis nuestro). Es decir, es compulsorio que el demandante obtenga una orden del tribunal para poder desistir de su acción. *Agosto v. Mun. de Río Grande*, 143 DPR 174, 181 (1997). En este escenario, *el tribunal tiene discreción judicial para terminar*

*el litigio, y auscultar e imponer las condiciones que estime*

*pertinentes para autorizar el desistimiento, entre éstas, que este sea*

*con perjuicio e, incluso, que se ordene el pago de costas y honorarios*

*de abogado. Pagán Rodríguez v. Pres. Cáms. Legs.*, supra; *Pramco*

*CV6, LLC. v. Delgado Cruz y Otros*, supra, pág. 461-462. (Énfasis

nuestro).

### C. Ejecución de Sentencia

Una vez el tribunal resuelve un asunto mediante sentencia, y

esta adviene firme, la misma se convierte, a su vez, en ejecutoria.

Tal acontecimiento conduce a la ejecución de sentencia, la cual

constituye la última fase del proceso judicial. *Money's People, Inc.*

*v. López Llanos*, 202 DPR 889, 909 (2019). Esta etapa tiene el

propósito de darle cumplimiento o eficacia al dictamen final y firme

del foro judicial. *Íd.*

Los postulados que regulan los remedios a que tiene derecho

una parte luego de dictarse una sentencia, se encuentran

enmarcados en nuestro ordenamiento procesal civil. De esta

manera, en la Regla 51.1 de Procedimiento Civil se preceptúa lo

siguiente:

> La parte a cuyo favor se dicte sentencia podrá ejecutarla
> mediante el procedimiento fijado en esta Regla 51, en
> cualquier tiempo dentro de cinco (5) años de ésta ser firme.
> Expirado dicho término, la sentencia podrá ejecutarse
> mediante una autorización del tribunal, a moción de parte y
> previa notificación a todas las partes. […].

32 LPRA Ap. V, R. 51.1

Aunque la sentencia es el producto terminado de un proceso

judicial, ello no significa que el trámite procesal llegue a su fin al

emitirse el referido dictamen, toda vez que, a falta del

cumplimiento voluntario por la parte obligada por la sentencia, en

muchos casos, se debe recurrir a trámites posteriores para hacer

efectiva la misma. Rafael Hernández Colón, *Práctica Jurídica de*

*Puerto Rico: Derecho Procesal Civil*, pág. 631, 6ta Edición. LexisNexis de Puerto Rico, Inc. (2017).

Huelga expresar, que los procedimientos de ejecución de sentencia por su propia naturaleza son de carácter suplementario. *Negrón v. Srio. de Justicia*, 154 DPR 79, 90 (2001). Siendo así, estos constituyen una extensión o apéndice al procedimiento que dio lugar a una sentencia, *pues no se trata de revivir las controversias resueltas entre las partes o en modificar los derechos adjudicados. Money's People, Inc. v. López Llanos*, supra, pág. 910; *Negrón v. Srio. de Justicia*, supra.

Por lo tanto, el procedimiento de ejecución de sentencia meramente le imprime continuidad al proceso judicial que derivó en una sentencia. *Mun. San Juan v. Prof. Research*, 171 DPR 219, 248-249 (2007). Sin embargo, muchas veces resulta inevitable recurrir a la ejecución forzosa de una sentencia cuando la parte obligada por ella incumple con sus términos. *Íd.*, pág. 248, citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, San Juan, Ed. Michie de P.R., 1997, Cap. 63, pág. 453.

En lo pertinente, en el escenario de que una sentencia requiera la realización de unos actos específicos, tal como la transferencia del dominio de terrenos o el otorgamiento de escrituras u otros documentos, la parte que no cumpla con la obligación dictaminada puede tener como consecuencia que el tribunal ordene a otra persona realizar el acto a sus expensas. 32 LPRA Ap. V, R.51.3 (a). De realizarse de este modo, el mismo tendrá la misma eficacia que tendría de haberse ejecutado por el deudor por sentencia. *Íd.*

Asimismo, en caso de incumplimiento con las obligaciones que surgen de una sentencia, la parte con derecho a su cumplimiento puede obtener un mandamiento de embargo contra

los bienes del deudor por sentencia para obligarlo al cumplimiento del dictamen e, incluso, un mandamiento de ejecución para obtener el traspaso de la posesión de un bien. *Íd.* En casos apropiados, el tribunal podría procesar a la parte que incumple por desacato. *Íd.*

De igual modo, el foro judicial tiene la discreción de "dictar cualquier orden que considere justa y necesaria para la ejecución de una sentencia y, para salvaguardar los derechos del acreedor o acreedora del deudor o deudora, y de terceros en el proceso." 32 LPRA Ap. V, R. 51.4.

Por último, resulta meritorio señalar que las Regla 51.6 de Procedimiento Civil establece que, "[c]uando se dicte una orden a favor de una persona que no sea parte en el pleito, ésta podrá exigir su cumplimiento mediante el mismo procedimiento, como si fuera una de las partes". 32 LPRA Ap. V, R. 51.6.

**III.**

A través de los *nueve (9) errores* formulados en su recurso, el Municipio sostiene, primordialmente, que el Foro Primario incidió al decretar el archivo con perjuicio del Caso GM2023CV00562 sin auscultar el presunto efecto que el desistimiento de Oriental tiene sobre el cumplimiento de los remedios concedidos mediante la *Sentencia Parcial*. En particular, la falta de formalización de la cesión de una franja de terreno destinada a uso público concedida a su favor. *No le asiste la razón.*

Los señalamientos de error consignados por el apelante se reducen a tres (3) argumentos principales, por lo que procederemos con la discusión conjunta de cada grupo de planteamientos.

En su *primer, segundo y tercer señalamiento de error*, el Municipio aduce que el Foro Primario erró al permitir el

desistimiento unilateral del caso de marras al amparo del inciso (a) de la Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1(a).

El apelante insiste que, ante la existencia de la *Sentencia Parcial*, el Foro Primario debía evaluar si procedía el archivo del caso de marras de conformidad con el inciso (b) de la precitada Regla procesal. A raíz de ello, arguye que dicho Foro tenía la obligación de imponer el cumplimiento de la cesión de la Calle 1 a favor del Municipio como condición para permitir su desistimiento.

Conforme a la clara normativa previamente expuesta, nuestro ordenamiento procesal permite que un demandante abandone su reclamación, pues este tiene pleno derecho a disponer de la acción que interpuso. No obstante, cuando un demandado presenta alguna alegación responsiva, es obligatorio que el demandante solicite una orden judicial mediante la cual se autorice su desistimiento.

A estos efectos, el demandante deberá presentar una moción ante el tribunal, quien goza de discreción para archivar el caso e imponer los términos y condiciones que estime necesario previo a autorizar el desistimiento; entre estas, imponer costas y honorarios de abogados o que el archivo del caso sea con perjuicio.

En este caso, tras acreditar que obtuvo todos los remedios solicitados en su demanda, Oriental diligentemente presentó una moción ante el Foro Primario para solicitar la autorización judicial requerida para desistir de su causa de acción.[21] Tal moción fue efectivamente notificada a todas las partes que comparecieron al pleito, inclusive a aquellas del Caso GM2022CV00650.[22] Ante el procedimiento utilizado por el apelado para solicitar el desistimiento, no albergamos duda alguna que el mismo fue

---

[21] *Véase*, Caso2022CV00650, SUMAC TPI, entrada núm. 101.
[22] *Íd.*, boleta de notificación electrónica.

presentado al amparo del inciso (b) de la Regla 39.1 de Procedimiento Civil, *supra*, R. 39.1(b).

El solo hecho que el Foro Primario haya consignado nominalmente que su dictamen se fundamentaba en la Regla 39.1(a) no altera nuestra apreciación, pues es harto conocido que, en nuestro ordenamiento jurídico, el nombre no hace la cosa.[23] Particularmente, cuando dicho Foro consignó aquellos términos y condiciones que estimó pertinentes, a saber, que el archivo sería con perjuicio y sin el pago de costas y honorarios de abogados.

Opinamos que tales términos y condiciones son apropiados en el contexto del caso de marras. Después de todo, no apreciamos que exista una reconvención o alguna alegación análoga por parte del Municipio ni de otro de los codemandados que impidiera el desistimiento, o tan siquiera que los reclamos que ahora plantea el apelante puedan ser atendidos independientemente por el Foro Primario.[24]

El apelante no nos ha puesto en posición para determinar que las condiciones impuestas por el Foro Primario para permitir el desistimiento voluntario fueran erradas o contrarias a derecho. Conforme a la normativa antes expuesta, es el Foro Primario quien tiene plena facultad y discreción para imponer los términos y condiciones que estime pertinentes respecto a dicho acto procesal, la cual no queda necesariamente supeditada a los reclamos del resto de las partes litigantes.

Nótese que la imposición de condiciones a la que se refiere Regla 39.1(b), *supra*, no responde necesariamente a los intereses procesales que tienen otras partes sobre el litigio, sino a la disuasión de conductas procesales abusivas por parte del reclamante que opta por presentar repetidamente una acción de la

---

[23] *Cordero Vargas v. Pérez Pérez,* 198 DPR 848, 868 (2017); *Borschow Hosp. v. Jta. de Planificación,* 177 DPR 545, 567 (2009); *Meléndez Ortiz v. Valdejully,* 120 DPR 1, 24 (1987).
[24] Véase, *De la Matta v. Carreras,* 92 DPR 85, 91 (1965).

cual había desistido anteriormente. Este es precisamente el propósito que nuestro Tribunal Supremo ha interpretado en cuanto a que la intervención del tribunal en un desistimiento solicitado bajo la Regla 39.1(b), *supra*, atiende tal preocupación.[25]

Además, nos convencen los argumentos del apelado con respecto a que el dictamen apelado no fue emitido en un vacío jurídico y sin auscultar los efectos procesales que tendría sobre la *Sentencia Parcial*. Luego de emitir la *Sentencia* apelada, el Foro Primario examinó la moción de reconsideración del apelante, la cual recoge virtualmente los mismos planteamientos que vertió posteriormente en su recurso. Aún así, y con el beneficio de la postura del apelado, reafirmó su autorización a desistimiento solicitado.

Dicho esto, no podemos perder de perspectiva que el caso de marras versa exclusivamente sobre una reanudación de tracto registral, presentado por Oriental con el fin de corregir la inexactitud registral que impedía la inscripción del derecho de hipoteca que tenía sobre los solares A-9 y A-29 de la Urbanización. Es decir, el apelado instó su reclamación con el *único propósito de inscribir los negocios jurídicos* que eventualmente derivarían en la inscripción registral de su derecho real.

En la medida que tal objetivo se logró, y que no pesa otra controversia pendiente de adjudicación que requiera la presencia de Oriental —tal como discutiremos más adelante—, colegimos que el Foro Primario actuó correctamente en la emisión del dictamen apelado. Por todo lo anterior, el TPI-Guayama no incurrió en los primeros tres (3) errores señalados.

En segundo lugar, mediante el *cuarto, quinto y sexto señalamiento de error*, el Municipio alega que el Foro Primario erró al permitir que Oriental desistiera de la acción judicial sin evaluar

---

[25] Véase, *Pramco CV6, LLC. v. Delgado Cruz y Otros*, supra, pág. 462.

que este presuntamente asumió la obligación de cumplir con las obligaciones de la *Sentencia Parcial*.

Asimismo, arguye que los actos de coordinación realizados por Oriental, los cuales culminaron en el cumplimiento de otros remedios concedidos en la *Sentencia Parcial*, tornaron innecesaria la presentación de una solicitud formal para que las obligaciones del dictamen aludido recayeran también sobre el apelado. Cónsono con lo anterior, sostiene que, aunque las obligaciones de dicha sentencia recayeron sobre TW Developers, el apelado no podía desistir sin completar el proceso de cesión de la Calle 1 a su favor.

Cual citado, una parte tiene derecho a ejecutar una sentencia que haya sido dictada a su favor mediante los mecanismos provistos por nuestro ordenamiento procesal civil. En lo pertinente, cuando se ordene el otorgamiento de escrituras u otros documentos mediante una sentencia, la persona a cuyo favor se dictó la misma puede solicitar que otra persona realice el acto a expensas del deudor por sentencia, cuando este incumple con sus términos. Asimismo, el tribunal podrá dictar cualquier orden que considere justa y necesaria para compeler la ejecución de la sentencia. No obstante, es meritorio puntualizar que este proceso no trata sobre la reapertura de controversias ni la modificación de derechos ya adjudicados.

Tras un análisis de la *Sentencia Parcial* y del resto del expediente judicial, contrapuestas al marco legal aplicable, concluimos que las alegaciones del Municipio carecen de méritos. Después de todo, el apelante sustenta sus planteamientos, principalmente, en los actos de coordinación informados por Oriental durante las múltiples vistas sobre el estado de los procedimientos celebradas ante el Foro Primario posterior a la emisión de la *Sentencia Parcial*.

En particular, este descansa sobre el hecho de que el DTOP logró obtener la segregación y cesión de la faja de ensanche a su favor con la coordinación del representante legal de Oriental, mientras que el Municipio no obtuvo la cesión de la Calle 1, a pesar de que su segregación fue coordinada por Oriental.

Sin embargo, el apelante explícitamente reconoce que todas las obligaciones generadas con la *Sentencia Parcial* recaían completamente sobre TW Developers, o en su defecto, sobre el Alguacil del Tribunal.[26] Igualmente, admite que la escritura de segregación y cesión de la faja de ensanche a favor del DTOP no fue otorgada por la representación legal de Oriental.[27]

Como cuestión de hecho, la única directriz impartida por el Foro Primario hacia Oriental en la *Sentencia Parcial* fue que este coordinara las cesiones de los mencionados usos públicos con el Municipio y con Oriental. Tal coordinación fue lo que precisamente aconteció, según surge de lo informado en las vistas de seguimiento.[28] Sin embargo, esto no sustituye ni elimina la obligación que recaía sobre TW Developers para completar la cesión de la Calle 1, así como de todo solar y uso público,[29] según ordenado por el Foro Primario. Ante esto, no podemos avalar la postura asumida por el Municipio para atribuirle al apelado obligaciones que no surgen de la *Sentencia Parcial*.

Con esto en mente, apreciamos que los actos realizados por el apelado no se tratan de una ejecución selectiva y acomodaticia de la *Sentencia Parcial* como insinúa el apelante. Estos consisten en actos válidos de ejecución de sentencia para obtener los

---

[26] Véase, SUMAC TA, entrada núm. 1, documento principal, pág. 13.
[27] *Íd.*, pág. 15.
[28] De hecho, se desprende que el apelante estuvo activamente coordinando con el apelado la entrega de los documentos y los borradores relacionados a la segregación de la Calle 1, y nunca mostró reparos en cuanto a su cesión; lo cual puntualizamos que continúa siendo una obligación activa de TW Developers. *Véase*, Caso GM2022CV00650, entradas núm. 93-94.
[29] Esto incluía la faja de ensanche y las facilidades vecinales. *Véase*, Caso GM2022CV00650, SUMAC TPI, entrada núm. 76, pág. 14.

remedios que fueron concedidos a su favor. Los mismos se gestionaron a través de un Alguacil del Tribunal mediante una orden y mandamiento obtenido conforme a los términos del dictamen aludido.[30]

Tal mecanismo de ejecución de sentencia se encuentra igualmente disponible para el Municipio para compeler la cesión de la Calle 1 a su favor. La desconsolidación y el archivo del Caso GM2023CV00562 no coarta su derecho a solicitar la ejecución de la *Sentencia Parcial.*[31] Lo que no puede hacer el apelante es solicitar la modificación de las obligaciones impuestas en dicha sentencia ni plantear controversias relacionadas a su cumplimiento, en la medida que esta es final y firme.

Por consiguiente, el Foro Primario no tenía obligación alguna de expresarse en cuanto a la responsabilidad de Oriental respecto al cumplimiento de los remedios concedidos en la *Sentencia Parcial,* pues este no tenía obligación alguna pendiente por cumplir dentro del trámite judicial. En virtud de lo anterior, concluimos que el Foro Primario actuó correctamente al permitir que Oriental desistiera de sus causas de acción. En consecuencia, el TPI-Guayama tampoco incurrió en los errores aquí discutidos.

Por último, mediante su *séptimo, octavo y noveno señalamiento de error,* el Municipio nuevamente insiste que el Foro Primario erró al permitir el desistimiento de Oriental sin realizar una determinación en cuanto a si el apelado había cumplido con su obligación de completar la cesión de la Calle 1 a su favor.

En esta ocasión, precisó que, previo a archivar el caso de marras, dicho Foro debía evaluar el perjuicio que le causó el que el apelado completara la inscripción registral de las escrituras de segregación y cesión de la faja de ensanche con documentos que

---

[30] *Véase,* Caso2022GM00650, SUMAC TPI, entradas núm. 85, 90-91.
[31] 32 LPRA Ap. V, R. 51.6.

presuntamente alegó no poseer al instar su acción, así como la de segregación y dedicación a uso público de la Calle 1 al amparo del Artículo 150 de la Ley Núm. 210-2015.[32] Esta última, sin la cesión de dicha calle a favor del Municipio.

Consideramos que tales planteamientos van dirigidos a impugnar realmente la función calificadora del Registrador de la Propiedad de la Sección de Guayama.

En primer lugar, la evaluación de los asientos y la inscripción concedida por el Registrador de la Propiedad de la Sección de Guayama se realizó mediante un proceso de calificación independiente al trámite judicial. Por otro lado, en la medida que las escrituras mencionadas quedaron inscritas, estas se consideran válidas hasta tanto se declare su nulidad a través de una acción judicial independiente al trámite que nos ocupa.[33]

En consecuencia, la controversia planteada sobre el "tracto registral promovido por Oriental" nada concierne a las determinaciones realizadas por el Foro Apelado sobre las obligaciones establecidas en la *Sentencia Parcial*, ni a los aspectos relacionados a la autorización judicial del desistimiento impugnado. Por ser este el caso, nos vemos impedidos de revisar los últimos tres (3) señalamientos de error.

Acorde con nuestra discusión, no hallamos razón alguna por la que el Foro Primario estuviese impedido para decretar el archivo del Caso GM2023CV00562, toda vez que las causas de acción que repercutían sobre este quedaron extintas con la consecución de las inscripciones registrales que derivaron en la inscripción de las parcelas A-9 y A-29 de la Urbanización, de las cuales dependía el derecho real de hipoteca que poseía Oriental.

---

[32] 30 LPRA sec. 6224.
[33] *Véase*, 30 LPRA sec. 6381.

Además, el apelante no nos ha puesto en posición para determinar que el desistimiento de Oriental le cause un perjuicio concreto. Sobre todo, cuando —tal cual discutimos— cuenta con mecanismos para hacer valer los derechos que tiene a su favor conforme a la *Sentencia Parcial*. Por tanto, el Municipio no queda desprovisto de remedio alguno para obtener los reclamos que ha solicitado desde su moción de reconsideración. Este tiene facultad para realizar los actos que estime necesarios para obtener la cesión de la Calle 1 del único deudor por sentencia que surge de la *Sentencia Parcial*. En este caso, TW Developers o, en su defecto, el Alguacil del Tribunal.

## IV.

Por los fundamentos antes expuestos, ***confirmamos*** *el dictamen apelado en su totalidad.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones